United States District Court
for the
Southern District of Florida

| Assa Realty, LLC, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 17-22557-Civ-Scola |
| | ) | |
| The Solution Group Corporation, | ) | |
| and others, Defendants. | ) | |

### Omnibus Order On Defendants' Motions To Dismiss

The following Defendants have filed motions to dismiss: Paragon Group Holdings and Paragon Group of South Florida (together, the "Paragon Entities"), Cassa at Georgetown 3499 LLC, Cassa at Georgetown 3501 LLC, Cassa at Georgetown 3507 LLC, Cassa at Georgetown 3511 LLC, Cassa at Brickell 401 LLC, Cassa at Brickell 501 LLC, CBrickell PH2-905 LLC f/k/a Cassa Brickell 505 LLC, and Cassa Brickell PH5 LLC (collectively, the "Unit Owners"). (ECF Nos. 37, 41.) Asserting claims for trademark infringement, false designation of origin, dilution, and unfair competition, the Plaintiff Assa asserts that the Paragon Entities and Unit Owners (together, the Defendants) used its CASSA trademark without authorization. The Defendants assert that Assa has not sufficiently pled its claims, and the Unit Owners argue additionally that their use of the term "Cassa" does not constitute actionable use in commerce under the Lanham Act. Based on the alleged deficiencies, the Defendants ask the Court to dismiss this case. For the reasons set forth below, the Court **denies** the Defendants' motions to dismiss (**ECF Nos. 37, 41**).

**1. Background**

Assa is the owner of two trademarks (Registration Nos. 5,082,510 and 5,293,630) for the CASSA mark in conjunction with the development of residential, commercial and hotel properties, and for lease of real estate, various real estate services, restaurant, and hotel services. (*See* United States Patent and Trademark Office Registrations, ECF Nos. 28-1, 28-2.) Assa has been using the CASSA mark since 2009 to brand its various hotel and residential projects. Sometime in 2012, the Paragon Entities entered into a business relationship with the Defendant The Solution Group to develop multi-family real estate projects using the name and infringing CASSA mark, which Assa did not authorize them to use. Similarly, the Unit Owners use the infringing CASSA mark in their names and to advertise, market, lease, rent and

operate their condominium units. Assa claims that the Defendants are using the CASSA mark in order to profit off of Assa's goodwill, in the hope of confusing consumers into believing that the Defendants' developments or units are associated with Assa.

### 2. Legal Standard

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-has-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citation omitted). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).

### 3. Analysis

The Defendants argue that Assa's allegations fail to state a claim for trademark infringement because they are conclusory and do not state a

plausible claim for relief. In essence, the Defendants argue, citing no authority, that the Court should impose a heightened pleading standard upon the Plaintiff requiring specific factual allegations, such as when and where the infringing conduct occurred. (*See* ECF No. 37 at 6; ECF No. 48 at 4.) The Court disagrees.

In order to state a claim for trademark infringement, a plaintiff must plead facts demonstrating that (1) it possessed trademark rights in a mark, and (2) the defendant used a mark that was so similar to its own that consumers were likely to confuse the two. *Tana v. Dantanna's*, 611 F.3d 767, 774 (11th Cir. 2010) (citing 15 U.S.C. § 1125(a)). "[A]lthough there is no separate statutory provision for contributory trademark infringement . . . the case law suggests that a contributory infringement claim requires, at a minimum, both an allegation of a direct infringement by a third party, and an allegation of an intentional or knowing contribution to that infringement by the defendant." *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1245 (11th Cir. 2007). The Defendants do not challenge the allegations with respect to Assa's possessing trademark rights in the CASSA mark; therefore, the Court considers the sufficiency of the Defendants' alleged use of a likely confusing similar mark and the allegations regarding contributory infringement.

In the Second Amended Complaint (ECF No. 35), Assa alleges that the Paragon Entities and The Solution Group used the name and CASSA mark for the development of multi-family real estate projects. (Second Am. Compl., ECF No. 35 ¶ 33.) The Paragon Entities and The Solution Group, along with TSG Paragon Development began to plan and develop two Cassa projects—Cassa Brickell and Cassa at Georgetown. (*Id.* ¶ 36.) According to Assa, the Paragon Entities, together with The Solution Group, controlled the planning and development of these Cassa projects and selected the infringing CASSA mark for use in conjunction with the projects. (*Id.*) The Paragon Entities were listed as part of the development team for the Cassa Brickell project, and they used the CASSA mark for advertising and marketing in various forms for the Cassa projects. (*Id.* ¶¶ 36-37.) Notably, the CASSA mark the Paragon Entities used is identical to the Plaintiff's mark, and the Plaintiff did not authorize their use of the mark. (*Id.* ¶ 38.) With respect to the Unit Owners, Assa alleges that they use the CASSA mark in their actual names and for advertising, marketing, leasing, renting, and otherwise operating their condominium units, without Assa's authorization. (*Id.* ¶¶ 45-48, 55-57.) In addition, this use of the mark by the Unit Owners was known to the Paragon Entities. (*Id.* ¶¶ 103-04.) Assa further alleges that the Defendants' unauthorized use of its mark likely leads the public to believe that the Defendants are associated with Assa. (*Id.* ¶¶ 39, 48, 57.) Thus, Assa adequately alleges that the Defendants used a similar mark

likely to cause confusion and that the Paragon Entities knowingly contributed to infringement by the Unit Owners.

The Unit Owners also argue for dismissal of the claims against them on two additional grounds: the use of the term "Cassa" in the names of single purpose entities to hold title for individual units in the Cassa developments does not constitute "use in commerce" under 15 U.S.C. § 1127; and, their inclusion in this case is fundamentally unfair because they have changed their names to remove the infringing term. However, for the reasons already discussed, the Unit Owners' argument is unavailing, principally because Assa alleges that the Unit Owners also used the mark in operating their units. In addition, the Unit Owners cite no authority in support of their contention that the claims against them should be dismissed because they now have removed the trademark from their names. "On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (Cohn, J.) (quoting *Mendez-Arriola v. White Wilson Med. Ctr. PA*, No. 09-495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). "The movant must support its arguments for dismissal with citations to legal authority." *Id.* (citing S.D. Fla. L.R. 7.1(a)(1)). "Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal." *Id.* (citing *Super. Energy Servs., LLC v. Boconco, Inc.*, No. 09-0321, 2010 WL 1267173, at *5-6 (S.D. Ala. Mar. 26, 2010) and *United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. 1986) (Scott, J.)).

### 4. Conclusion

After having reviewed the parties' arguments, the Second Amended Complaint, and the relevant legal authorities, this Court **denies** the Defendants' motions to dismiss (**ECF Nos. 37, 41**). The Defendants shall file their answers no later than fourteen (14) days from the date of this order.

**Done and ordered** Miami, Florida, on January 5, 2018.

_____
Robert N. Scola, Jr.
United States District Judge