| | |
|---|---|
| Assa Realty, LLC, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-22557-Civ-Scola |
| | ) |
| The Solution Group Corporation, | ) |
| and others, Defendants. | ) |

### Omnibus Order on Motion to Dismiss Counterclaims and Strike Affirmative Defenses and Motion to Stay

The Plaintiff has filed a motion to dismiss the counterclaims asserted by the Defendants The Solution Group, Corp. (the "SG Corp.") and Cassa at Brickell, LLC ("Cassa") (together, the "Counterclaimants"), and associated affirmative defenses asserted by the Counterclaimants, The Solution Group Corp. LLC, TSG Paragon Development LLC, TSG Paragon Management Corp., Paragon Georgetown LLC d/b/a Cassa at Georgetown, Paragon Georgetown Phase II LLC, and Cassa Brickell Condominium Association Inc. (ECF No. 39.) The Defendants Paragon Group Holdings, LLC and Paragon Group of South Florida, LLC (together, "Paragon") have filed a motion to stay (ECF No. 74) the Court's ruling on the Plaintiff's motion to dismiss. For the reasons set forth below, the Court **grants** the Plaintiff's motion to dismiss and to strike (**ECF No. 51**), and **denies** the Paragon Defendants' motion to stay (**ECF No. 74**).

1. **Factual and Procedural Background**

In the Second Amended Complaint (ECF No. 35), Assa alleges that it is the owner of two trademarks (Registration Nos. 5,082,510 (the "510 trademark" and 5,293,630 (the "630 trademark") for the CASSA mark in conjunction with the development of residential, commercial and hotel properties, and for lease of real estate, various real estate services, restaurant, and hotel services. (*See* United States Patent and Trademark Office ("USPTO") Registrations, ECF Nos. 28-1, 28-2.) Assa further alleges that the Counterclaimants, Paragon, and the other Defendants used the name and infringing CASSA mark without Assa's authorization. Prior to filing the present action, Assa and the Defendants SG Corp. and The Solution Group Corp. LLC (together, "The Solution Group") were involved in proceedings before the USPTO, regarding competing trademark applications in mid-2013. Assa filed an opposition to The Solution Group's application before the USPTO, claiming priority to the CASSA mark based upon use of the mark beginning in 2009, and thereafter obtained summary judgment

in its favor before the Trademark Trial and Appeals Board ("TTAB"). (*See* ECF No. 35-3.) In April 2016, The Solution Group's trademark application was denied. In the meantime, Assa continued with its own trademark application, which was divided into parent and child applications—the parent application involving "lease of real estate; leasing of real estate; real estate services, namely condominium management services; real estate services, namely, rental of vacation homes, condominiums, cabins, and villas using pay per click advertising on a global computer network," and "hotel accommodation services; hotel services; resort hotel services; restaurant and hotel services," while the child application involved "real estate development; real estate development and construction of commercial, residential and hotel property." (Second Am. Compl., ECF No. 35 at ¶¶ 59, 74.) The Defendant South Florida Equity Group Holdings, LLC filed an opposition proceeding against Assa's parent application before the USPTO, as the successor in interest of The Solution Group, claiming priority. Ultimately, South Florida Equity Group Holdings, LLC's opposition was dismissed, and Assa obtained registrations in its parent (the 510 trademark) and child (the 630 trademark) applications, which South Florida Equity Group did not subsequently challenge.

In the counterclaim, SG Corp. and Cassa at Brickell, LLC allege that Assa never used the Cassa Mark in Florida, and it had not attempted to obtain trademark registrations prior to learning of SG Corp.'s use of the Cassa name. The Counterclaimants further allege that Assa was experiencing difficulties with business operations, and therefore, when Assa learned of SG Corp.'s application and senior use of the mark in Florida, Assa devised a trademark trolling scheme. In order to carry out the alleged scheme, the Counterclaimants assert that Assa's trademark application, filed two months after SG Corp.'s, was fraudulent. Moreover, the Counterclaimants allege that Assa engaged in a harassment campaign by sending multiple cease and desist letters to SG Corp., and ultimately obtaining trademark registrations as a result of its allegedly fraudulent applications by omitting any mention of SG Corp.'s prior use in Florida. Thereafter, the Counterclaimants assert that Assa began filing trademark infringement lawsuits in attempts to obtain large settlement amounts and to interfere with SG Corp.'s business activities. As a result, the Counterclaimants assert claims for trademark cancellation (Counts 1 and 2), abuse of process (Count 4), interference with advantageous business relationship (Count 5), unfair and deceptive trade practices (Count 6), and they seek a declaration of non-infringement (Count 3).

Assa seeks dismissal of the counterclaims and requests that the Court strike several affirmative defenses.

## 2. Legal Standard
### A. Dismissal of counterclaims

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Bank of Am., N.A. v. GREC Homes IX, LLC*, No. 13-21718-CIV, 2014 WL 351962, at *3-4 (S.D. Fla. Jan. 23, 2014) (Altonaga, J.) (citation omitted). When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### B. Striking affirmative defenses

Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." A court has broad discretion in ruling on a motion to strike. *Badilo v. City of Deerfield Beach*, No. 13-60057-CIV, 2013 WL 3762338, at *1 (S.D. Fla. July 16, 2013) (Rosenbaum, J.). "Striking allegations from a pleading, however, 'is a drastic remedy to be resorted to only when required for the purposes of justice' and only when the stricken allegations have 'no possible relation to the controversy.'" *Id.* (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). In addition, "pleadings are only allegations, and allegations are not evidence of the truth of what is alleged." *Wright v. Farouk Sys., Inc.*, 701 F.3d 907, 911 n. 8 (11th Cir. 2012). Nevertheless, affirmative defenses will be stricken if insufficient as a matter of law. *See Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005) (Ryskamp, J.).

### 3. Analysis
#### A. Motion to dismiss the counterclaim

Assa seeks dismissal of the counterclaims for failure to state a claim and arguing that they are barred by preclusion and estoppel principles based upon the TTAB's decision. Similarly, Assa requests that the Court strike the affirmative defenses that are the same or similar to the counterclaims (the Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Twelfth Affirmative Defenses). In response, the Counterclaimants argue, in pertinent part, that preclusion does not apply because the TTAB did not rule on the same issue before the Court, res judicata does not apply because the counterclaim could not have been asserted in the TTAB proceedings as it is premised upon Assa's abuse of process in obtaining nationwide trademark registrations for a mark it never used in Florida and knew that the Counterclaimants had used in Florida.

In trademark infringement cases, "[s]o long as the other ordinary elements of issue preclusion are met, when the usages adjudicated by the TTAB are materially the same as those before the district court, issue preclusion should apply." *B&B Hardware, Inc. v Hargis Indus., Inc.*, 135 S. Ct. 1293, 1310 (2015). Issue preclusion applies "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Id.* at 1303 (quoting Restatement (Second) of Judgments § 27, p. 250 (1980)) (internal alteration omitted). Measured by these standards, the counterclaim suffers from several fatal deficiencies.

First, the Counterclaimants do not allege that the TTAB adjudicated usages different from the usages presented to this Court. In addition, the Counterclaimants do not dispute that they did not seek judicial review of the

TTAB decision upon SG Corp.'s application, or otherwise challenge the issuance of the 510 or 630 trademark registrations to Assa before the USPTO. Moreover, the Counterclaimants' argument that the TTAB did not adjudicate the issue before this Court is without merit. As stated by the Counterclaimants, the issue before this Court is "whether Counter Claimants and the other defendants have the common law right to use the Cassa mark in Flolrida, based on TSG's good faith first use of the mark in Florida prior to [Assa's] registration of the mark with USPTO." (Resp., ECF No. 60 at 7.) The Counterclaimants appear to suggest that the TTAB's determination and the subsequent registration of the nationwide trademarks to Assa is somehow distinguishable from the determination of whether SG Corp. has senior common law rights to the mark in Florida, and is entirely unsupported by any citation to authority. Furthermore, the suggestion that the TTAB ruling is not relevant to the issues before this Court is specious.

In its order, the authenticity of which the Counterclaimants do not dispute, the TTAB notes that SG Corp.'s application was based on an intention to use the Cassa mark, not prior use, and that Assa filed an opposition on the ground of likelihood of confusion, based on its own common law rights to the mark.[1] (ECF No. 35-3 at 2-3.) As stated by the TTAB, "[t]he issue to be decided here is priority." (*Id.* at 5.) Moreover, the TTAB specifically notes that SG Corp. did not assert an earlier use date than April 10, 2013, which is in conflict with the first date of usage alleged by the Counterclaimants here (March 18, 2013). Indeed, the TTAB found that SG Corp. failed to demonstrate that Assa did not have prior proprietary rights in the Cassa mark. Thus, the Counterclaimants' contention that it is "[i]ndisputable" that they have common law rights to use the Cassa mark in Florida, is entirely without merit. Ultimately, the TTAB determined that Assa had prior proprietary rights to the mark, that the marks are nearly identical and services related and presumed to travel in the same channels of trade, and granted Assa's motion for summary judgment on the claim of likelihood of confusion. (*Id.* at 20.) The TTAB did not limit its findings to a particular geographic region, nor will the Court do so now. Pursuant to *B&B Hardware*, those findings should be accorded preclusive effect. Indeed, the proper time for SG Corp. to have asserted the claims premised upon

---

[1] *M.C. Dean, Inc. v. City of Miami Beach, Florida,* 199 F. Supp. 3d 1349, 1352 (S.D. Fla. 2016) (Altonaga, J.) ("In addressing a Rule 12(b)(6) motion, the Court considers the allegations of the complaint, exhibits attached or incorporated by reference, and exhibits attached to the motion to dismiss if they are central to the [] claim and undisputed." (citing *Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005))).

priority that it now attempts to assert as counterclaims was before the TTAB during its own application proceedings, or in opposition to Assa's applications.[2]

Therefore, upon review, the counterclaims in their entirety fail to state a claim, as the associated allegations are conclusory and plainly lack facial plausibility. As already mentioned, the counterclaims are premised upon conclusions foreclosed by the TTAB's findings, which SG Corp. failed to appropriately challenge—that the Counterclaimants possess senior common law rights in Florida, that those rights are indisputable, and that a registered trademark would offer protection to the registrant everywhere but in Florida. Accordingly, the counterclaims are due to be dismissed.

### B. Motion to strike affirmative defenses

For the same reasons, the Court strikes the associated affirmative defenses. Generally, affirmative defenses are not held to the same pleading standard as claims for relief. *Ramnarine v. CP RE Holdco 2009-1, LLC*, 2013 WL 1788503, at *3 (S.D. Fla. Apr. 26, 2013) (Rosenbaum, J.) (noting the differences between the language of Rule 8(a) (governing claims for relief) and Rule 8(c) (governing affirmative defenses)). But, affirmative defenses should be stricken where they are clearly "insufficient as a matter of law." *See Home Mgmt. Solutions, Inc. v. Prescient, Inc.,* 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007) (Torres, J.). Motions to strike are not favored, but in the end, the decision to strike a pleading is committed to the district court's "broad discretion." *Porcelanas Florencia, S.A. v. Carribean Resort Suppliers, Inc.,* 2007 WL 171590, at *1 (S.D. Fla. Jan. 18, 2007) (Cooke, J.). Here, as already noted, the allegations the affirmative defenses are based upon are precluded by the TTAB findings. Therefore, the Court strikes the Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Twelfth affirmative defenses.

### C. Motion to Stay

The Paragon Defendants have requested that the Court stay its ruling upon Assa's motion to dismiss in order to permit them to brief the issues directly affecting them arising from their incorporation of the Counterclaimants' affirmative defenses. However, Assa's motion to dismiss is primarily directed toward SG Corp. and Cassa's counterclaims and the affirmative defenses asserted by them, and Assa has not sought to strike the affirmative defenses as asserted by the Paragon Defendants. Should Assa do so, the Paragon Defendants will have the opportunity to fully brief the issues at that time. Accordingly, the Court denies the motion to stay.

---

[2] Contrary to the Counterclaimants' suggestion, the Court need not review the entire record before the TTAB to determine that their claims lack merit.

### 4. Conclusion

After having reviewed the parties' arguments, and the relevant legal authorities, this Court **grants** the Plaintiff's motion to dismiss the counterclaims and strike affirmative defenses (**ECF No. 51**), as set forth above. In addition, the Paragon Defendants' motion to stay (**ECF No. 74**) is **denied**.

**Done and ordered** Miami, Florida, on March 9, 2018.

Robert N. Scola, Jr.
United States District Judge